**BARSHAY SANDERS, PLLC**
Craig B. Sanders, Esq. (Fla. Bar 0985686)
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@barshaysanders.com
*Attorneys for Plaintiff*
File No.: 121149

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Thomas Giles,

          Plaintiff,

   v.

Pistorino & Alam Consulting Engineers, Inc.,

          Defendant.
_____/

Case No:

**COMPLAINT**

Plaintiff Thomas Giles ("*Plaintiff*"), by and through his undersigned counsel, for his Complaint against Defendant Pistorino & Alam Consulting Engineers, Inc. ("*Defendant*") states and alleges as follows:

**INTRODUCTION**

1. This action seeks to recover damages for copyright infringement.

2. Plaintiff herein creates stock photography images and own the rights to these photos which they license for various uses including online and print publications.

3. Plaintiff has obtained U.S. copyright registrations covering many of his Photograph, and many others are the subject of pending copyright applications.

4. Defendant owns and operates a website known as pamiami.com (the "*Website*").

5. Defendant, without permission or authorization from Plaintiff actively copied,

stored, modified, and/or displayed Plaintiff's Photograph on the Website and engaged in this misconduct knowingly and in violation of the United States copyright laws.

**PARTIES**

6. Plaintiff Thomas Giles is an individual who is a citizen of the State of Florida and maintains a principal place of business in Miami-Dade County, Florida.

7. On information and belief, Defendant Pistorino & Alam Consulting Engineers, Inc., is a Florida Corporation with a principal place of business in Miami-Dade County, Florida and is liable and responsible to Plaintiff based on the facts herein alleged.

**JURISDICTION AND VENUE**

8. This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

9. This Court has personal jurisdiction over Pistorino & Alam Consulting Engineers, Inc. because Pistorino & Alam Consulting Engineers, Inc. maintains its principal place of business in Florida.

10. Venue is proper under 28 U.S.C. §1391(a)(2) because Pistorino & Alam Consulting Engineers, Inc. does business in this Judicial District and/or because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

**FACTS COMMON TO ALL CLAIMS**

11. Plaintiff is the legal and rightful owners of Photograph which it licenses to online and print publications.

12. Plaintiff has invested significant time and money in building his photograph portfolio.

13. Plaintiff has obtained active and valid copyright registrations from the United

States Copyright Office (the "*USCO*") which cover many of Plaintiff's Photograph while many others are the subject of pending copyright applications.

14. Plaintiff's Photograph is an original, creative works in which Plaintiff's own protectable copyright interests.

15. Pistorino & Alam Consulting Engineers, Inc. is the registered owner of the Website and is responsible for its content.

16. Pistorino & Alam Consulting Engineers, Inc. is the operator of the Website and is responsible for its content.

17. The Website is monetized in that it contains is used to provide real-estate brokerage services to the public and, on information and belief, Defendant profits from these activities.

18. On February 13, 2009 a photograph of Trump Tower at Sunny Island Aerial Shot (the "Photograph") was authored. A copy of the Photograph is attached hereto as Exhibit 1.

19. Plaintiff acquired the rights and registered the Photograph with the United States Copyright Office on April 1, 2020 under Registration No. VA0002202134.

20. Plaintiff observed Photograph on Defendant's domain pamiami.com on January 1, 2020. A copy of Screengrab of Defendant's website including Photograph is attached hereto as Exhibit 2.

21. A copy of the Photograph was stored and displayed on Defendant's domain pamiami.com at the following URL: http://pamiami.com/projects/.

22. Without permission or authorization from Plaintiff, Defendant volitionally selected, copied, modified, stored and/or displayed Plaintiff's copyright protected Photograph,

as set forth in Exhibit "1" which is annexed hereto and incorporated in its entirety herein, on the Website.

23. On information and belief, the Photograph was copied, modified, stored and/or displayed without license or permission, thereby infringing on Plaintiff's copyrights (the "*Infringement*").

24. The Infringement includes a URL ("*Uniform Resource Locator*") for a fixed tangible medium of expression that was sufficiently permanent or stable to permit it to be communicated for a period of more than transitory duration and therefore constitutes a specific infringement.

25. The Infringement is an exact copy of Plaintiff's original image that was directly copied and stored by Defendant on the Website.

26. On information and belief, the Photograph was volitionally posted to the Website by Defendant.

27. On information and belief, Defendant is not registered with the United States Copyright Office pursuant to 17 U.S.C. §512.

28. On information and belief, the Infringement were not posted at the direction of a "user" as that term is defined in 17 U.S.C. §512(c).

29. On information and belief, Defendant engaged in the Infringement knowingly and in violation of applicable United States Copyright Laws.

30. On information and belief, Defendant has the legal right and ability to control and limit the infringing activities on its Website and exercised and/or had the right and ability to exercise such right.

31. On information and belief, Defendant monitors the content on its Website.

32. On information and belief, Defendant has received a financial benefit directly attributable to the Infringements. Specifically, by way of the Infringements, the Website had increased traffic to the and, in turn, realized an increase its sales and reputation.

33. On information and belief, a large number of people has viewed the unlawful copies of the Photograph on the Website.

34. On information and belief, Defendant at all times had the ability to stop the reproduction and display of Plaintiff's copyrighted material.

35. As a result of Defendant's misconduct, Plaintiff has been substantially harmed.

## FIRST COUNT
### (Direct Copyright Infringement, 17 U.S.C. §501 et seq.)

36. Plaintiff repeats and incorporates by reference the allegations contained in the preceding paragraphs, as though set forth in full herein.

37. The Photograph is an original, creative works in which Plaintiff owns valid copyright properly registered with the United States Copyright Office.

38. Plaintiff has not licensed Defendant the right to use the Photograph in any manner, nor has Plaintiff assigned any of his exclusive rights in the Copyrights to Defendant.

39. Without permission or authorization from Plaintiff and in willful violation of Plaintiff's rights under 17 U.S.C. §106, Defendant improperly and illegally copied, stored, reproduced, distributed, adapted, and/or publicly displayed works copyrighted by Plaintiff thereby violating one of Plaintiff's exclusive rights in his copyrights.

40. Defendant's reproduction of the Photograph and display of the Photograph on the Website constitutes willful copyright infringement.

41. As a direct and proximate result of Defendant's misconduct, Plaintiff has been substantially harmed and should be awarded actual damages against Defendant pursuant to 17

U.S.C. §504(b) in an amount to be proven at trial.

## JURY DEMAND

42. Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

That the Court enters a judgment finding that Defendant has infringed on Plaintiff's rights to the Photograph in violation of 17 U.S.C. §501 et seq. and award damages and monetary relief as follows:

　　a.　Actual damages against Defendant pursuant to 17 U.S.C. §504(b) in an amount to be proven at trial; and

　　b.　A permanent injunction against Defendant pursuant to 17 U.S.C. §502; and

　　c.　Plaintiff's costs; together with

　　d.　Such other relief that the Court determines is just and proper.

DATED: February 17, 2021

**BARSHAY SANDERS, PLLC**

By: ___/s/ Craig B. Sanders___
Craig B. Sanders, Esq. (Fla. Bar 0985686)
100 Garden City Plaza, Suite 500
Garden City, NY 11530
Tel: (516) 203-7600
Email: csanders@barshaysanders.com
*Attorneys for Plaintiff*
File No.: 121149

**EXHIBIT 1**



**EXHIBIT 2**

INFRINGEMENT# 1 - URL: http://pamiami.com/projects/

